1

2

3

4

5

6

7                            UNITED STATES DISTRICT COURT

8                     FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   UNITED STATES OF AMERICA,              No.  2:13-cr-00100 MCE CKD

11                   Plaintiff/Respondent,

12          v.                              FINDINGS AND RECOMMENDATIONS

13   BARRY RHODES

14                   Defendant/Movant.

15

16          Movant, a federal prisoner, proceeding with counsel, brings a challenge to his sentence

17   under 28 U.S.C. § 2255.  (ECF Nos. 37, 60.)  Movant seeks relief pursuant to Johnson v. United

18   States, 576 U.S. 591, 135 S. Ct. 2551 (2015), and progeny.  ECF No. 60.  The United States

19   opposes the motion, (ECF Nos. 56, 65), and movant has replied, (ECF No. 67).

20       I.      Factual Background

21          On March 28, 2013, movant was charged by indictment with a violation of 18 U.S.C. §

22   922(g)(1), Felon in Possession of a Firearm.  (ECF No. 1 at 1-2.)  The indictment alleged that

23   movant possessed a 9mm caliber semi-automatic pistol despite having been convicted of one or

24   more crimes punishable by a term of imprisonment exceeding one year, specifically: Possession

25   of a Controlled Substance in violation of California Health & Safety Code § 11350(a); Possession

26   of Marijuana for Sale in violation of California Health & Safety Code § 11359; Felon in

27   Possession of a Firearm in violation of California Penal Code § 12021(a)(1); Evading a Peace

28   Officer in violation of California Vehicle Code § 2800.2; and Felony Infliction of Corporal Injury

                                                1

1   on Spouse/Co-habitant in violation of California Penal Code § 273.5(a).  (ECF No. 1 at 1-2.)

2   On September 26, 2013, movant entered a plea of guilty to the indictment pursuant to

3   written plea agreement.  (ECF Nos. 15, 19.)  Movant signed the written plea agreement, agreeing

4   that the factual bases for the plea was accurate.  (ECF No. 19 at 2.)  The plea agreement further

5   set forth the elements of the offense, (id. at 3-4) and set forth the possibility of a sentence of up to

6   ten years of imprisonment (id. at 4).  Movant agreed to waive his right to appeal his conviction

7   and sentence.  (Id. at 5.)  Movant represented that he had read and reviewed the agreement with

8   his attorney, Tasha Paris Chalfant, and acknowledged that he was satisfied with her

9   representation.  (Id. at. 7)

10   At movant's sentencing hearing, the court adopted the Presentence Report's ("PSR")

11   determination that movant had a prior conviction for a controlled substance offense, as well as a

12   prior conviction for a crime of violence, for Willful Infliction of Corporal Injury under Section

13   273.5.  (ECF No. 41 at 9-10; ECF No. 26 at 6-9.)  This determination resulted in a base offense

14   level of 24.  See U.S.S.G § 2K2.1(a)(2).  With acceptance of responsibility, movant's offense

15   level was 21, and with a criminal history category of VI, his sentencing guidelines range was 77-

16   96 months.  (ECF No. 26 ¶¶ 10-19, 37, 58.)  The court imposed a sentence of 87 months in

17   custody.  (ECF Nos. 35, 36.)  Movant did not appeal his conviction or sentence.

18   In April 2015, movant filed a pro se § 2255 motion challenging his conviction and

19   sentence alleging a violation of his Sixth Amendment right to effective assistance of counsel.

20   (ECF No. 37.)  Movant argued that in a prior state proceeding, he was deemed mentally

21   incompetent, that attorney Chalfant failed to investigate his competence, and therefore provided

22   ineffective assistance of counsel.  (Id. at 4.)  He stated that he did not appeal his conviction or

23   sentence because Chalfant informed him it would be futile.  (Id.)

24   Following this filing, the Supreme Court decided Johnson v. United States, 135 S. Ct.

25   2551 (2015), holding that the residual clause definition of a "violent felony" for the Armed

26   Career Criminal Act is unconstitutionally vague.  In April 2016, the Supreme Court determined

27   that "Johnson is thus a substantive decision and so has a retroactive effect . . . on collateral

28   review."  Welch v. United States, 136 S. Ct. 1257, 1265 (2016).  In light of these cases, movant,

2

1  now represented by counsel, filed a supplemental § 2255 motion arguing that his sentence was

2  unlawfully increased because his prior conviction for California Penal Code § 273.4 is no longer

3  a "crime of violence" following <u>Johnson</u>.  (ECF No. 60 at 10.)

4      II.    <u>Legal Standard</u>

5         A federal prisoner making a collateral attack against the validity of his or her conviction

6  or sentence must do so by way of a motion to vacate, set aside or correct the sentence pursuant to

7  28 U.S.C. § 2255, filed in the court which imposed sentence.  <u>Tripati v. Henman</u>, 843 F.2d 1160,

8  1162 (9th Cir. 1988).  Under section 2255, the district court may grant relief if it concludes that a

9  prisoner in custody was sentenced in violation of the Constitution or laws of the United States.

10 <u>United States v. Barron</u>, 172 F.3d 1153, 1157 (9th Cir. 1999).  Both the grounds for relief and the

11 scope of the remedy in a section 2255 proceeding are identical to those available to state prisoners

12 under 28 U.S.C. § 2254, the federal habeas corpus statute.  <u>Davis v. United States</u>, 417 U.S. 333,

13 343-44 (1974).  To warrant relief, a movant must demonstrate the existence of an error which had

14 a substantial and injurious effect or influence on the verdict.  <u>Brecht v. Abrahamson</u>, 507 U.S.

15 619, 637 (1993); <u>see also United States v. Montalvo</u>, 331 F.3d 1052, 1058 (9th Cir. 2003) (<u>Brecht</u>

16 standard applies to habeas cases brought under section 2255 just as it does to those under section

17 2254), <u>cert. denied</u>, 541 U.S. 1011 (2004).

18     III.    <u>Analysis</u>

19        A.  <u>Movant's Ineffective Assistance of Counsel Claim</u>

20        The Sixth Amendment guarantees "the right to effective assistance of counsel."  <u>McMann</u>

21 <u>v. Richardson</u>, 397 U.S. 759, 771 n. 14 (1970).  To establish a constitutional violation based on

22 ineffective assistance of counsel, a movant must show (1) that counsel's representation fell below

23 an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced

24 the defense.  <u>Strickland v. Washington</u>, 466 U.S. 668, 692, 694 (1984).  In assessing counsel's

25 performance, the court must apply a strong presumption that counsel's representation fell within

26 the wide range of reasonable professional assistance.  <u>Id.</u> at 689.  Courts must "judge the

27 reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of

28 the time of counsel's conduct."  <u>Id.</u> at 690.  Prejudice means that the error actually had an adverse

effect on the defense.  Id. at 693.  There must be a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different.  Id. at 694.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.  Id.  The court need not address both prongs of the Strickland test if the movant's showing is insufficient as to one prong.  Id. at 697.

Movant argues that his plea was involuntary and Chalfant was ineffective because Chalfant allegedly failed to investigate petitioner's mental health status.  (ECF No. 37 at 18.) Movant cites to a prior proceeding in state court in which he was allegedly declared mentally incompetent.[1]  (Id. at 22.)  Movant claims that he could have received a downward departure for his mental health condition under the § 3553(a) factors, thereby lowering his sentence.  (Id.)

The record directly contradicts movant's position.  First, the probation officer was aware of movant's mental health history, and Chalfant ensured movant provided a history of his mental health issues during his PSR interview.  (ECF No. 26 ¶¶ 8, 49-50; ECF No. 56 at 3.)   The PSR set forth movant's post-traumatic stress disorder diagnoses, his history of panic attacks, and his interest in mental health treatment.  (ECF No. 26 ¶¶ 49-50.)  Moreover, Chalfant filed a sentencing memorandum requesting a lower sentence than the PSR recommendation, referencing movant's mental health status.  (ECF No. 34 at 1-2.)

Both the probation officer and the district judge were in receipt of information regarding movant's mental health issues prior to sentencing.  Movant fails to explain what was omitted from the record that would have altered the court's sentence.  Movant also fails to explain how he was prejudiced in any way.  See Peone v. United States, No. 1:13-CR-00194-BLW, 2020 WL 3268276, at *3 (D. Idaho June 16, 2020) (rejecting ineffective assistance argument when both the presentencing report and the sentencing recommendation addressed the petitioner's history of mental health issues.).  Additionally, even assuming for argument's sake that Chalfant's representation was somehow deficient, there is no evidence that her performance fell below the

---

[1]  Respondent submitted, as evidence, the docket from the prior proceedings at San Joaquin County Court.  (ECF No. 56-1.)  There, movant was evaluated by two mental health professionals.  One found him competent, the other did not.  (ECF No. 56-1 ¶¶ 6, 7.)  The docket does not point to any judicial finding of incompetence.  (See ECF No. 56-1.)

4

1    objective standard of reasonableness.  Id. ("Even if counsel's performance was somehow

2    deficient, it did not result in any prejudice given that the Court was sufficiently informed of the

3    petitioner's mental health issues.").  Accordingly, movant cannot prevail on this argument.

4                 B.  Movant's *Johnson* Argument

5         Movant argues that his sentence was unlawfully increased by at least 21 months because

6    of a prior conviction for California Penal Code § 273.5, which is no longer properly considered a

7    "crime of violence" following Johnson v. United States, 135 S. Ct. 2551 (2015).  (ECF No. 60 at

8    10.)  Movant states that because the court determined his prior conviction was a "crime of

9    violence" his base offence level was incorrectly calculated at 24.  (Id.)  Without the "crime of

10    violence" increase his advisory guideline range would have been 51-63 months.  (Id.)

11         The Supreme Court, in Johnson v. United States, held that the Armed Career Criminal Act

12    ("ACCA") was unconstitutional under the Due Process Clause.  135 S. Ct. 2551, 2553 (2015).

13    The ACCA imposed an increased prison sentence if a defendant was previously convicted of

14    three or more "violent felonies."  See id.; 18 U.S.C. § 924 (e)(2)(B).  The ACCA's residual

15    clause defined "violent felonies" as "conduct that presents a serious potential risk of physical

16    injury."  See id.  The Supreme Court explained that the residual clause defining "violent felonies"

17    created "uncertainty and hopeless indeterminacy" in "[t]ying the judicial assessment of risk to a

18    judicially imagined 'ordinary case' of crime rather than to real-world facts or statutory elements. .

19    .."  Johnson,135 S. Ct. 2551 at 2554 (citing James v. United States, 550 U.S. 192, 211 (2007)).

20    Moreover, the Court determined that the residual clause was "arbitrary and unpredictable" as it

21    did not provide judges with a clear framework on how to measure the "[r]isk posed by a crime . . .

22    with about how much risk it takes for the crime to qualify as a violent felony."  Johnson, 135 S.

23    Ct. 2551 at 2557.  Ultimately, the Court held that the ACCA's residual clause was

24    unconstitutional as it "[p]roduces more unpredictability and arbitrariness than the Due Process

25    Clause tolerates."  See id. at 2558.

26         Following Johnson, in Beckles v. United States, the Court remanded a case in which the

27    petitioner was convicted of being a felon in possession of a firearm and sentenced as a career

28    offender.  137 S. Ct. 886, 888 (2017).  Petitioner filed a motion arguing that his crime was not a

1   crime of violence and therefore the sentencing enhancement was inapplicable.  Id.  After the

2   Supreme Court remanded for further consideration of Johnson, the Eleventh Circuit affirmed the

3   sentence, distinguishing the ACCA's unconstitutionally vague residual clause from the

4   constitutionally permissible residual clause in the Sentencing Guidelines.

5       The Court then addressed whether the United States Sentencing Guidelines are subject to

6   vagueness challenges under the Due Process Clause.  Id.  The Court held that the Sentencing

7   Guidelines' residual clause, which is identical to ACCA's, is not subject to such a vagueness

8   challenge:

> [the Sentencing Guidelines] do not fix the permissible range of
> sentences. To the contrary, they merely guide the exercise of a
> court's discretion in choosing an appropriate sentence within the
> statutory range. Accordingly the Guidelines are not subject to a
> vagueness challenge under the Due Process Clause. The residual
> clause in § 4B1.2(a)(2) therefore is not void for vagueness.

12  Id.

13      Movant's motion is premised "upon the argument that the [Johnson] holding—that the

14  ACCA's residual clause is unconstitutionally vague—applies equally to the Guidelines."  See

15  ECF No. 60 at 12 ("Movant Rhodes's sentence was premised on the conclusion that the prior

16  assault conviction . . . is a crime of violence for purposes of U.S.S.G. 2K21's base offense level

17  calculations.")  Movant is incorrect in this assertion.  See United States v. Chatman, 727 F. App'x

18  336, 337 (9th Cir. 2018) (explaining that petitioner conceded Beckles foreclosed argument that

19  California conviction for inflicting corporal injury on a spouse or cohabitant is no longer a crime

20  of violence for purposes of U.S.S.G. § 2K2.1(a)(3)); United States v. Brown, No. 2:11-CR-0212-

21  WBS-KJN-P, 2018 WL 5999620, at *3 (E.D. Cal. Nov. 15, 2018), report and recommendation

22  adopted, No. 211-CR-0212-WBS-KJN-P, 2018 WL 6573224 (E.D. Cal. Dec. 13, 2018); United

23  States v. Brown, Case No. 1:12–CR–0357–AWI, 2017 WL 2021525, at *3 (E.D. Cal. May 12,

24  2017).

25      Therefore, because this argument has been foreclosed by the United States Supreme

26  Court, the undersigned finds that movant's argument has no merit.

27  IV.     Conclusion

28      For the reasons set forth above, IT IS HEREBY RECOMMENDED that the Motion to

1  Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255, (ECF No. 196), be DENIED.

2          These findings and recommendations are submitted to the United States District Judge

3  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14)

4  days after service of these findings and recommendations, any party may file written objections

5  with the court and serve a copy on all parties.  Such a document should be captioned "Objections

6  to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be

7  filed and served within seven days after service of the objections.  The parties are advised that

8  failure to file objections within the specified time may waive the right to appeal the District

9  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

10          If movant files objections, he may also address whether a certificate of appealability

11  should issue and, if so, why and as to which issues.  Pursuant to Rule 11 of the Federal Rules

12  Governing Section 2255 Cases, this court must issue or deny a certificate of appealability when it

13  enters a final order adverse to the applicant.  A certificate of appealability may issue only "if the

14  applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. §

15  2253(c)(2).

16  Dated:  August 12, 2020

17                                                    _____
                                                     CAROLYN K. DELANEY
18                                                   UNITED STATES MAGISTRATE JUDGE

19

20

21  18:rhod0100.2255

22

23

24

25

26

27

28

7